```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      JACKSONVILLE DIVISION



J.C. GIBSON PLASTERING CO., INC.,

                 Plaintiff,

v.                                       Case No. 3:07-cv-268-J-33TEM

XL SPECIALTY INSURANCE COMPANY, and
XL REINSURANCE AMERICA, INC.,

                 Defendant.
_____/
```

**ORDER**

This cause comes before the Court pursuant to Plaintiff J.C. Gibson Plastering Co., Inc.'s Motion to Strike or, in the Alternative, Dismiss Defendants' Amended Affirmative Defenses and Counterclaim Filed in Response to Plaintiff's Amended Complaint (Doc. # 22). Gibson filed this motion on August 22, 2007. The defendants (collectively referred to as "XL") have not filed a response. For the reasons that follow, the Court denies Gibson's motion.

On April 4, 2007, Gibson filed a three-count complaint seeking to recover on a surety bond. XL, the surety, filed its answer on May 1. On June 12, XL filed a motion for leave to amend its answer to include a counterclaim and additional affirmative defenses. (Doc. # 13.) The Court denied that motion on June 22 for failure to comply with Local Rule 3.01(g). (Doc. # 14.) That same day, XL

brought its motion into compliance and refiled. (Doc. # 15.) On July 10, Gibson filed a memorandum opposing XL's motion for leave to amend. (Doc. # 16.)

Meanwhile, on June 8, Gibson sought to dismiss two counts from its complaint. (Doc. # 11.) On July 25, the Court entered an order explaining that a plaintiff cannot dismiss part of its action under Rule 41, Federal Rules of Civil Procedure. (Doc. # 19.) The Court therefore interpreted Gibson's June 8 motion as a motion to amend its complaint to eliminate two counts. (Doc. # 19.) The Court granted Gibson leave to amend for the sole purpose of dropping the two counts. (Doc. # 19.)

On July 31, Gibson filed its amended complaint, now charging only one count. (Doc. # 20.) XL then simply filed its amended answer and counterclaim (Doc. # 21), thus rendering moot its motion for leave to file that document. In response, Gibson filed the instant motion. (Doc. # 22.)

Gibson's motion argues, "When a Court grants a party leave to amend its complaint but does not allow expansion or addition of issues in the complaint, the opposing party is barred from submitting a new counterclaim or new defenses without leave of court." (Doc. # 22, at 3.) The law on this issue is not yet settled. Elite Entm't, Inc. v. Khela Bros. Entm't, 227 F.R.D. 444, 446 (E.D. Va. 2005) (noting that district courts have taken different positions on this issue). However, the "most sensible

2

view is that an amended response may be filed without leave [of court] only when the amended complaint changes the theory or scope of the case, and then, the breadth of the changes in the amended response must reflect the breadth of the changes in the amended complaint." Id.; accord Seitz v. Envirotech Sys., No. H-02-4782, 2007 U.S. Dist. LEXIS 44275, at *6-7 (S.D. Tex. June 19, 2007); Akzenta Paneele + Profile GmbH v. Unilin Flooring N.C., LLC, 464 F. Supp. 2d 481, 486-87 (D. Md. 2006); see also Brown v. E.F. Hutton & Co., 610 F. Supp. 76, 78 (S.D. Fla. 1985) ("[W]hen a plaintiff files an amended complaint which changes the theory or scope of the case, the Defendant is allowed to plead anew as though it were the original complaint filed by the Plaintiff." (emphasis added)). Thus, XL should have sought leave before filing its amended answer and counterclaim.

The Court declines to strike XL's amended answer and counterclaim, though, because it would be an undue waste of resources to require XL again to seek such leave. See Akzenta Paneele, 464 F. Supp. 2d at 487. Rule 13(f), Federal Rules of Civil Procedure, gives the Court discretion to allow XL to raise its counterclaim by amendment.[1] Rohner, Gehrig & Co. v. Capital

---

[1] The only issue under consideration is XL's counterclaim. The question of whether XL should be allowed to raise the additional defenses in its amended answer is moot. The Court has already granted partial summary judgment to Gibson on Gibson's claim. Thus, XL has neither need nor opportunity to raise further defenses to that claim.

City Bank, 655 F.2d 571, 576 (5th Cir. Sept. 8, 1981). In deciding whether to allow a counterclaim under Rule 13(f), "courts have looked, inter alia, to the good faith of the claimant, the extent of the delay, and the danger of prejudice to the opposing party." Pioneer Inv. Serv. Co. v. Brunswick Assocs. P'ship, 507 U.S. 380, 392 n.10 (1993). While there may be reason to question XL's good faith (see Doc. # 22, at 6-7 (arguing that XL knew the facts underlying its counterclaim before this lawsuit was even filed)), other factors weigh in favor of allowing XL to raise its counterclaim. XL first sought leave to raise its counterclaim just over two months after the complaint was filed. (Doc. # 13.) This is not an extensive delay. In addition, discovery has been stayed in this case. (Doc. # 12; Doc. # 18; Doc. # 25.) Thus, there is little danger that Gibson will be left without sufficient time to conduct discovery on XL's counterclaim. Finally, Gibson has already filed its reply to XL's counterclaim. (Doc. # 23.) On these facts, the Court does not discern a significant danger of prejudice to Gibson.

Gibson's motion alternatively requests that the Court dismiss XL's counterclaim for failure to state a claim. (Doc. # 22, at 7.) Gibson does not explain why XL's counterclaim fails to state a claim. On this front, Gibson presents only a bare request. Consequently, the Court must deny Gibson's request to dismiss the counterclaim for failure to state a claim. This denial is without

4

prejudice to a later motion arguing that XL's counterclaim fails to state a claim.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff J.C. Gibson Plastering Co., Inc.'s Motion to Strike or, in the Alternative, Dismiss Defendants' Amended Affirmative Defenses and Counterclaim Filed in Response to Plaintiff's Amended Complaint (Doc. # 22) is **DENIED.** Gibson's request that the Court dismiss XL's counterclaim for failure to state a claim is denied without prejudice.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 8th day of October 2007.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

5